IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBIN ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: 2:20-cv-366-ECM |
| WINN-DIXIE MONTGOMERY, LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On April 28, 2020, Robin Allen ("Plaintiff") filed a complaint in the Circuit Court of Montgomery County, Alabama against Winn-Dixie Montgomery, LLC ("Winn-Dixie") seeking damages for injuries she sustained during a slip and fall. (Doc. 1-1). In her complaint, the Plaintiff alleges two causes of action based on Winn-Dixie's failure to maintain a reasonably safe environment on its premises located at 4724 Mobile Highway, Montgomery, Alabama. (*Id*.).

On May 29, 2020, Winn-Dixie removed the case to this Court based on diversity jurisdiction. 28 U.S.C. § 1332 and § 1441. (Doc. 1). In response, the Plaintiff filed a motion to remand, asserting that the Court lacks subject-matter jurisdiction over the case. To support her argument, the Plaintiff attached an affidavit to her motion wherein she swears that the amount in controversy does not exceed $75,000. (Doc. 9-1). In light of the Plaintiff's affidavit, Winn-Dixie does not object to the Plaintiff's motion to remand. (Doc. 12 at 2).

Because the Plaintiff expressly disclaims any intention to seek damages in excess of $75,000 and the parties agree that the case should be remanded, the Court concludes that the motion to remand is due to be granted.

## II. STANDARD OF REVIEW

"Federal Courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In light of their limited jurisdiction, federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Charon-Bolero v. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).  When jurisdiction turns on removal, "federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Moreover, "in evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

## III. DISCUSSION

The Court's analysis begins with the personal affidavit that the Plaintiff filed in support of her contention that the amount in controversy does not exceed $75,000. (Doc. 9-1). In this affidavit, the Plaintiff swears to the following: (1) at the time she filed the present lawsuit, she did not intend to seek damages in excess of $74,999; (2) that she does not intend now, or in the future, to claim damages in excess of $74,999; (3) that she will

2

not "accept a judgment or settlement in this case in excess of $74,999;" and (4) that this limitation on damages is binding upon her, her heirs, and assigns. (*Id*. at 1-2).

Importantly, the Court may consider the Plaintiff's sworn statement when evaluating whether the amount in controversy satisfies the jurisdictional minimum necessary for diversity jurisdiction to exist. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (stating "the jurisdictional facts that support removal must be adjudged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time." (internal quotation marks and citation omitted)). In addition to her affidavit, the Plaintiff represents in her motion to remand that she "will not seek nor attempt to collect damages in excess of $75,000 . . .." (Doc. 9 at 4). This representation is entitled to great deference because the Plaintiff's lawyer "[is] an officer of this court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose, such as merely to defeat diversity jurisdiction . . .." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003). Moreover, as mentioned above, Winn-Dixie does not oppose the Plaintiff's motion to remand. (Doc. 12 at 2). Thus, the Plaintiff's affidavit and representation establish that the amount in controversy does not exceed $75,000.

## IV. CONCLUSION

For the reasons discussed, the Court finds that the requisite amount in controversy does not exist in this case. Accordingly, it is

ORDERED that the Plaintiff's Motion to Remand the case to the Circuit Court of Montgomery County, Alabama (doc. 9) is hereby GRANTED.

The Clerk of Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Montgomery County, Alabama.

DONE this 4th day of August, 2020.

                                           /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE